This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, William H. Asburay, has appealed the decision of the Wayne County Court of Common Pleas, which found him guilty of gross sexual imposition. This Court affirms in part, vacates in part, and remands.
 I.
The victim was the ten-year-old daughter of appellant's son's live-in girlfriend. Appellant's son and the victim's mother had dropped off the victim and appellant's two grandsons on their way to work. The children were to stay at the appellant's home until it was time to go to school. The victim and the two boys went back to sleep when they arrived at appellant's home. The victim was asleep on the floor. Victim awoke when she felt appellant touching her buttocks. Then, the appellant started breathing on her underwear and licking them. The victim pushed appellant away with her legs. After the incident, the victim asked to call her father. Her father was not at home. The victim then ran into appellant's bathroom crying. Appellant knocked on the bathroom door and told the victim to open the door because he had a cough drop for her. The victim came out and she and the two boys went to school. After returning home from school that day, the victim told her mother what had happened that morning. The victim's mother contacted the Wooster Police Department.
After an initial investigation, the officers requested permission from the appellant to take swab samples from his cheek. Appellant granted the police permission to take the swab samples and gave them hair samples from his head, beard and mustache. The samples, along with the underwear that the victim was wearing when the incident occurred, were sent to the Ohio Bureau of Criminal Identification ("BCI") in Richfield, Ohio.
The BCI tested the underwear for the presence of semen. No semen was found on the underwear. The underwear was also tested for the presence of amylase, which is a component of saliva. The presence of amylase was found on the underwear.
Appellant was indicted for gross sexual imposition, a violation of R.C. 2907.05(A)(4). After a bench trial, the court found appellant guilty and sentenced him to three years imprisonment.
Appellant timely appealed and has set forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR "THE DEFENDANT/APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
In his first assignment of error, appellant has asserted that his conviction was against the manifest weight of the evidence. Specifically, appellant has argued that the victim's testimony was not credible and that the testimony of Brenda Gerardi was more helpful to the defense than to the prosecution. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 "Review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
Appellant was charged with gross sexual imposition under R.C.2907.05(A)(4), which states:
 "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 Sexual contact is defined as: "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
Appellant has argued that the victim was not a credible witness. To support his argument, the appellant has alleged several inconsistencies in the victim's testimony. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, appeal not allowed (2000), 88 Ohio St.3d 1482. Additionally, it is well recognized that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. After observing all the witnesses, listening to their differing testimony, and judging their credibility, the trial court apparently chose to believe the victim. Although there may have been minor discrepancies in the victim's testimony, she clearly testified that she had been inappropriately touched by appellant in her private area.
Appellant has argued that Brenda Gerardi's testimony did not support his conviction. The samples analyzed by the BCI showed that there was a large amount of amylase on the victim's underwear. Appellant has argued that, since amylase is found in many body fluids, the stain could have gotten on the victim's underwear when she sat on the toilet in appellant's bathroom. Gerardi, a serology DNA analyst with the BCI in Richfield, Ohio, testified that saliva has a very high content of amylase, which is not found in other body fluids such as urine. Diane Larson, a DNA analyst with the BCI's DNA Serology Section in London, Ohio, testified that the tests she performed indicated that a biological fluid from the appellant was present on the victim's underwear. Furthermore, Larson also testified that it was her opinion based upon a reasonable degree of scientific certainty that there was saliva on the sample of the victim's underwear that she tested. In addition, the victim testified that her dress was down over her underwear when she sat on the toilet. Therefore, it is very unlikely that had appellant's urine been on the toilet it would have soaked through the victim's dress onto her underwear.
Because the finding by the trial court that appellant was guilty of gross sexual imposition was not against the manifest weight of the evidence, his first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE DEFENDANT/APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
In his second assignment of error, appellant has argued that he was denied effective assistance of counsel, in violation of the United States and Ohio Constitutions due to his counsel's failure to call various witnesses and properly cross-examine the appellee's witnesses.
The United States Supreme Court set forth a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. Strickland v. Washington (1984), 466 U.S. 668,687, 80 L.Ed.2d 674. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
Upon reviewing counsel's performance, there is a strong presumption that counsel's actions were part of a valid trial strategy. Id. at 689. This Court notes that there are numerous avenues in which counsel can provide effective assistance of counsel in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel.State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541; State v.Clayton (1980), 62 Ohio St.2d 45, 49. Accordingly, "decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics" and absent a showing of prejudice, the failure to call witnesses will not be deemed erroneous. State v. Coulter (1992),75 Ohio App.3d 219, 230. Moreover, because a strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance, in order to show prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.
In this case, appellant has argued that his trial counsel failed to call key witnesses and did not adequately cross-examine certain state witnesses. The errors that appellant has alleged constitute trial tactics. Accordingly, appellant has failed to establish that his counsel's performance fell "below an objective standard of reasonable representation[.]" Bradley, 42 Ohio St.3d at 136, paragraph two of the syllabus. Furthermore, appellant has not demonstrated prejudice, as he has failed to prove by "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
Consequently, this Court finds that counsel's performance did not constitute ineffective assistance of counsel. Accordingly, appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR "THE RECORD DOES NOT SUPPORT THE IMPOSITION OF A SENTENCE EXCEEDING THE MINIMUM PRISON TERM ALLOWED FOR THE OFFENSE FOR WHICH THE APPELLANT WAS CONVICTED. (REV. CODE SECTIONS 2929.14(B) AND 2953.08(A)(4)."
In his third assignment of error, appellant has argued that the trial court's imposition of more than the minimum sentence is not supported by the record. This Court agrees.
When reviewing an appeal of a sentence, an appellate court may remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G)(1). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 governs the sentence that may be imposed by a trial court when the defendant is convicted of a felony, a prison sentence is imposed, and the defendant has not previously served a prison term. Under R.C. 2929.14(B), a trial court may impose more than the minimum sentence on a offender who has not previously served a prison term if "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
In interpreting this requirement, the Supreme Court of Ohio has held that: "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v.Edmonson (1999), 86 Ohio St.3d 324, 326. In the case sub judice, the record does not confirm that the trial court made the requisite findings for imposing a more than minimum sentence. Accordingly, appellant' third assignment of error is sustained.
 III.
Appellant's first and second assignments of error are overruled. Appellant's third assignment of error is sustained. Appellant's conviction of gross sexual imposition is affirmed. This Court vacates appellant's three-year prison sentence and remands the matter to the trial court. Upon remand, the trial court shall set forth its reasons for imposing a sentence more than the minimum.
SLABY, P.J., BAIRD, J. CONCUR.